**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE**

**CIVIL ACTION NO. 21-94-DLB**

**ROBYN ADAMS-ROSALES**                                                         **PLAINTIFF**

**v.**                          **MEMORANDUM ORDER**

**RIVERDALE CLAIMS MANAGEMENT, LLC, et al.**              **DEFENDANTS**

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon Plaintiff Robyn Adams-Rosales's Motion for Attorney Fees (Doc. # 38), following this Court's Order remanding the case to Floyd Circuit Court. (Doc. # 37). The underlying Motion has been fully briefed (Docs. # 39-43), and is ripe for review. For the reasons stated herein, Plaintiff's Motion for Attorney Fees (Doc. # 38) is **denied.**

**I.**      **FACTUAL AND PROCEDURAL BACKGROUND**

As noted in this Court's previous Order (Doc. # 37), this case stems from a 2015 civil action in the Eastern District of Kentucky.[1] *Bentley v. Paintsville Hosp. Co., LLC, et al.*, No. 7:15-cv-97. Plaintiff sued a number of defendants, also named in the current controversy, for a number of claims related to Adams-Rosales's visit to Paintsville Hospital Company where she presented with lower back pain and inability to walk due to numbness, pain, tingling, and weakness in her legs. *Id.* ECF No. 1-2 ¶¶ 30-31. Adams-Rosales argued that the physician she consulted with, Dr. Styer, should have recognized

---

[1] As a full restatement of the facts in this case is unnecessary, the Court will only include the facts needed to adjudicate the current Motion.

1

that she was undergoing a serious neurological event. *Id.* ¶ 31. Adams-Rosales alleges that because of Dr. Styer's mistake, she is permanently paralyzed from the waist down. *Id.* ¶ 39.

While the *Bentley* suit was eventually settled, Adams-Rosales sued several Defendants involved in the previous suit for misrepresenting the insurance policy covering Dr. Styer and another Defendant, Whitaker National Corporation. (Doc. # 1 at ¶¶ 16-22). In the current suit, Adams-Rosales also alleged claims against Dr. Styer and Whitaker National Corporation's counsel, Phillips, Parker, Orberson & Arnett, P.L.C. ("PPOA"). (*Id.* ¶¶ 32-33).

Defendants removed this action from Floyd Circuit Court under two theories—a venue selection provision located in the *Bentley* settlement agreement or pursuant to diversity jurisdiction under 28 U.S.C. § 1332. (Doc. # 1 at 5). The Court ultimately determined that neither of these theories provided the Court with jurisdiction and remanded the matter back to Floyd Circuit Court. (Doc. # 37). Thereafter, Adams-Rosales moved for attorney fees under 28 U.S.C. § 1447(c) arguing that Defendants' theories for removal "had no reasonable chance of success, thereby causing Plaintiff to incur significant legal fees." (Doc. # 38-1 at 2).

## II. ANALYSIS

### A. Standard of Review

Under 28 U.S.C. § 1447(c), a Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." While § 1447(c) undoubtedly allows for the Court to award attorney fees, the Supreme Court has determined that "the standard for awarding fees should turn on the reasonableness

2

of the removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  Therefore, "[a]bsent unusual circumstances, courts may award fees under § 1447(c) *only where* the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*  The exercise of awarding fees under § 1447(c) is left to the discretion of district courts, "subject to the guidance set forth by the Supreme Court in *Martin v. Franklin Capital Corp*." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008) (internal citation omitted).

### B. Reasonableness of Removal

As discussed above, Defendants removed the underlying case based on two independent theories—that removal was proper due to (1) a provision in the settlement agreement in *Bentley* or (2) pursuant to 28 U.S.C. § 1332, otherwise known as diversity jurisdiction, based on the fraudulent joinder of PPOA.  (Doc. # 1 at 5).  The Court evaluated each of these theories in turn, determining that neither conferred on the Court jurisdiction necessary to adjudicate the matter.  (Doc. # 37).  While Defendants arguments were ultimately unsuccessful, Defendants did have an objectively reasonable basis for removing to federal court.  Therefore, no attorney fees will be awarded to Plaintiff.

As discussed in this Court's remand order, Defendants first argued that removal was permitted based upon the settlement agreement in *Bentley*.  (Doc. # 37 at 4) (citing Doc. # 1 at 3).  The settlement agreement explicitly provided "that jurisdiction regarding this release and settlement agreement will remain with the United States District Court for the Eastern District of Kentucky" and was signed by Plaintiff.  (Doc. # 5 at 2).  However, as explained by this Court, "for a federal court to retain jurisdiction over a dispute, the court must proscribe in the dismissal order that the parties must comply with terms of the

3

settlement agreement, or explicitly acknowledge that the court retains jurisdiction over the settlement." (Doc. # 37 at 4) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)). If the court does not retain jurisdiction, which was the case in *Bentley*, "[t]he only other permissible way for a court to retain jurisdiction is 'if the parties agree.'" (Doc. # 37 at 5) (quoting *Kokkonen*, 511 U.S. at 382).

Defendants argued that because the parties expressly agreed that the Court retained jurisdiction in the settlement agreement, removal was proper. (Doc. # 1 ¶¶ 29-31). This was not an unreasonable position considering that Adams-Rosales, Dr. Styer, Whitaker National Corporation, and NES Healthcare, all of whom are parties to the current action, were parties in *Bentley* who agreed to the settlement agreement that allowed the Court to retain jurisdiction. (*See generally* Doc. # 5). Even though the Court determined that it did not retain jurisdiction—because not all the parties to the current action agreed to the original settlement, and that the parties clearly disagreed now—Defendants still had an "objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141.

Defendants then argued that removal was proper under 28 U.S.C. § 1332 because PPOA was fraudulently joined, and without PPOA's joinder, the parties would be considered completely diverse. (Doc. # 29). Section 1332 confers original jurisdiction on district courts "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, [] and is between citizens of different states." "Diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." (Doc. # 37 at 6) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999)). Therefore, this Court explained that if PPOA was a proper party, complete diversity would be destroyed

4

because both PPOA and Plaintiff are citizens of Kentucky.  (Doc. # 37 at 6).  To determine whether a fraudulent joinder occurred, the Court is required to ask "whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved."  (Doc. # 37 at 7) (quoting *Alexander v. Electr. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).

Plaintiff argues that "[i]t was abundantly clear that Kentucky law did not foreclose Plaintiff's negligent misrepresentation claim against PPOA."  (Doc. # 38-1 at 6).  In response to Plaintiff's Motion to Remand, Defendants argued that Kentucky law shields lawyers from negligent misrepresentation claims by an adverse party.  (Doc. # 29 at 14-23).  In support of this, Defendants provided the Court with cases and explanations where a plaintiff was not entitled to bring a negligence claim against opposing counsel.  *See generally*, (Doc. # 29 at 14-18); *Seiller Waterman, LLC v. RLB Props., Ltd.*, 610 S.W.3d 188, 201 (Ky. 2020) ("opposing party is not entitled to assert a negligence claim against the legal counsel who represented an opposing party in prior litigation, because no duty flows from that counsel to their client's adversary").

The Court ultimately distinguished *Seiller Waterman* from the current case because "negligent misrepresentation differs from a pure negligence claim because it 'defines an independent duty' to not 'supply false information.'"  (Doc. # 37 at 11) (quoting *Presnell Const. Managers, Inc. v. EH Const., LLC*, 134 S.W.3d 575, 582 (Ky. 2004)).  However, the Court explicitly stated that "[t]he Supreme Court of Kentucky has yet to rule on whether negligent or fraudulent misrepresentations by lawyers in the context of settlement may be the basis for liability in a situation such as Plaintiff's.  Therefore, there '[was] arguably a reasonable basis for predicting that state law *might* impose liability on

5

the facts involved,'" meaning that the joinder was not fraudulent. (Doc. # 37 at 13) (quoting *Alexander v. Electr. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). As noted in Plaintiff's Motion to Remand, a negligent misrepresentation claim against an attorney is "a novel issue of state law," which "supports remand." (Doc. # 23-1 at 13-14). It therefore seems disingenuous for Plaintiff to then turn around and argue that an undetermined issue of state law does not provide a reasonable basis for removal. Just as there was an "arguably reasonable basis" for the Court to predict that Kentucky state law may impose liability on attorneys for negligent misrepresentation, there was "an objectively reasonable basis" for Defendants to remove based on the theory that Kentucky state law would not impose liability on attorneys for negligent misrepresentation, and therefore, PPOA was fraudulently joined. As explained in *Martin*, "when an objectively reasonable basis exists, fees should be denied." 546 U.S. at 141.

### III.   CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** that Plaintiff's Motion for Attorney Fees (Doc. # 38) is **DENIED**.

This 22nd day of June, 2022.



Signed By:
*David L. Bunning*  DB
United States District Judge

M:\DATA\ORDERS\PikeCivil\2021\21-94 Order on Attorney Fee Motion.docx